■ ANTONIO A. VALDIVIESO, Appellant, v. EL DIARIO PUBLISHING COMPANY, INC., et al., Respondents. EL DIARIO PUBLISHING COMPANY, INC., et al., Respondents, v. ANTONIO A. VALDIVIESO, Appellant.— Order, entered on November 6, 1961, modified, on the law, to the extent of striking the five separate and distinct defenses and the first partial defense from the amended answer, with leave to replead the first partial defense within 10 days after service of a copy of the order entered herein, with notice of entry, and as so modified the order is affirmed, with $20 costs and disbursements to appellant. The above-mentioned complete defenses to this complaint in libel are based on theories of right of reply and fair comment. Similar defenses were pleaded in the original answer and were stricken at Special Term by order of another Justice dated October 14, 1960, which granted leave to replead and from which no appeal was taken. The reasons for his action appear to us sound and since the defenses as repleaded differ from their predecessors in no respect presently material they must be held likewise deficient. Further leave to replead them would seem to serve no purpose. The first partial defense, in mitigation of damages, incorporated the allegations of the other defenses here stricken. As we cannot anticipate what it will contain when repleaded, as it must be, we refrain from comment upon it, other than to call attention to our remarks in *Ramos* v. *El Diario Pub. Co.* (16 A D 2d 915) concerning the partial defenses there involved. Appellant's other points are not persuasive. Concur — Botein, P. J., Rabin and McNally, JJ.; Valente and Stevens, JJ., dissent in the following memorandum. Plaintiff is the publisher and editor of a Spanish language newspaper in New York, *El Imparcial,* which is in competition with defendants' newspaper, *El Diario de Nueva York.* Plaintiff sues in this libel action for damages based on three defamatory articles and one editorial published in *El Diario* in May, 1959. The first four affirmative defenses are predicated upon the qualified privilege of reply to a series of 34 articles in plaintiff's newspaper charging defendants with a multitude of crimes, unfitness to engage in journalism and as being worthy of public scorn. The defense of reply "is available to one who has been defamed in the first instance, and who, in response to the attack, responds in kind". (*Shenkman* v. *O'Malley,* 2 A D 2d 567, 574.) Considering that the litigants herein are engaged in a competitive newspaper war, it should not be ruled, as a matter of law, that defendants' response to plaintiff's relentless and scurrilous attack upon defendants went beyond the permissible limits of counterattack. As was said by Lord MANSFIELD, C. J., in *Finnerty* v. *Tipper* ([1809] 2 Camp. 72, 77): "If two men are concerned in publishing monstrous libels against each other every day, there can be no claim to damages on either side." So, too, the fifth defense of fair comment is sufficient. There were sufficient facts alleged from which the comment can be justified at a trial. Since the first partial

defense repeats the allegations of the five affirmative defenses, it should not be stricken, particularly since the only reason assigned by the majority memorandum for striking the partial defense, with leave to replead, is the repetition of the other defenses. If the first five defenses are valid, then it follows that the partial defense would also be good. We would affirm the order of Special Term.